PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* GREGORIO OSORIO ÁLVAREZ, Defendant and Appellant; PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* GREGORIO OSORIO ÁLVAREZ, Defendant and Appellant.

Nos. 3941 and 3942. Argued December 17, 1929.—Decided January 16, 1930.

The appellant appeared in his own behalf.  *R. A. Gómez,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Gregorio Osorio Alvarez was charged with murder as follows:

"The Prosecuting Attorney files an information against Gregorio Osorio Alvarez and Daniel Sánchez y Sánchez for murder committed, as follows: Said Gregorio Osorio Alvarez and Daniel Sánchez y Sánchez one day in November, 1928, and in the municipal district of Guaynabo, Porto Rico, within the judicial district of San Juan, unlawfully, wilfully and maliciously, with malice aforethought and with the deliberate intention and set purpose of killing, thus showing the possession of an abandoned and malignant heart, assaulted with a revolver, which is a deadly weapon, Enrique García Ubarri, a human being, firing at him and wounding him so seriously that he died instantaneously then and there, that is, on November 18, 1928.

"This act is contrary to the law for such case provided and to the peace and dignity of The People of Porto Rico."

A similar information was also filed against him for the killing of Manuel Rivera Colón.

On May 23, 1929, a jury was impaneled for each of the above cases, but before the commencement of the trials the accused pleaded guilty in each case to second degree murder and the court, with the consent of the prosecuting attorney, instructed the jury accordingly. Thereupon the jury brought in a verdict of murder in the second degree in each case and the court sentenced the accused to thirty years in the penitentiary for the killing of Enrique García Ubarri and to twenty years for the killing of Manuel Rivera Colón, at hard labor.

The accused has appealed from both judgments on the ground that the penalty is excessive.

In his written argument on this appeal, as well as in his oral statements at the hearing, submitted by the appellant personally, he urges as a ground for reducing the penalties imposed on him that he had pleaded guilty in both cases to

400

second degree murder because his counsel at the trial advised him that he had made arrangements with those who were to pass sentence upon him whereby it was agreed to sentence him to twenty years for the two offenses, if he pleaded guilty.

The record before us fails altogether to confirm the claim of the appellant with respect to the alleged agreement and, for this reason alone, we would be justified in dismissing his contention without further comment. However, we wish to say that, even if what the appellant claims actually occurred, it would not afford sufficient ground for us to declare that the penalties imposed are excessive and to modify the appealed judgments.

If the trials had actually been held and the prosecuting attorney had proved that the appellant killed Ubarri and Rivera in the manner. charged in the information, the accused could have been convicted in each of the cases for murder in the first degree and sentenced to life imprisonment under Act No. 42 of 1929. Having avoided, by pleading guilty, the imposition of the higher penalty, we find no merit in the contention that the penalties actually imposed in both cases were excessive. The predicament arises from his having committed two murders and, in consequence thereof, the penalties imposed aggregate a large number of years in the penitentiary.

The judgments appealed from must be affirmed.